.WASHOE COPPER CO., RESPONDENT, *v.* HICKEY,
ADMINISTRATOR, ET AL., APPELLANTS.

(No. 3,182.)

(Submitted October 31, 1912.   Decided November 19, 1912.)

[128 Pac. 584.]

*District Judges—Affidavit of Disqualification—Effect of Filing—
Waiver—Authority of Attorneys—Stipulations—Considera-
tion—Public Policy.*

District Judges—Affidavit of Disqualification—Effect—Waiver.
    1.   The filing of the affidavit mentioned in subdivision 4 of section
    6315, Revised Codes, *ipso facto* works a disqualification of the judge
    against whom it is directed, unless the party filing it has waived his
    statutory right to do so.

Same—Disqualification—Waiver.
    2.   Where, after the filing of a disqualifying affidavit against the judge
    before whom a cause was pending, counsel agreed to try it before a
    certain district judge, their action constituted a waiver of the right
    of either party to thereafter disqualify such judge under the pro-
    visions of subdivision 4 of section 6315, Revised Codes.

Same—Stipulations—Authority of Attorneys.
    3.   An attorney has authority, under his general power as such, to
    bind his client by an agreement with opposing counsel for the trial
    of the action between the parties before a certain judge.

Same—Stipulations—Consideration.
    4.   Where, after the disqualification of one district judge, counsel en-
    tered into an agreement that the cause should be tried before a certain
    judge on a specified day, the mutual benefit flowing to each party
    by having the time for trial definitely fixed, and the trouble and delay
    incident to further disqualifications avoided, constituted a sufficient
    consideration for the agreement.

Same—Disqualification—Waiver—Public Policy.
    5.   A waiver of the right, conferred upon the parties to an action or
    . proceeding, by subdivision 4, section 6315, Revised Codes, to disqualify
    a district judge by the filing of an affidavit of the character mentioned
    therein, *held*, not contrary to public policy.

*Appeal from District Court, Silver Bow County; W. R. C.
Stewart, Judge of the Ninth Judicial District, presiding.*

ACTION by the Washoe Copper Company against Edward
Hickey, administrator of the estate of Michael A. Hickey, de-
ceased, and others.   From a judgment in favor of plaintiff,
defendants appeal.   Affirmed.

*Messrs. J. E. Healey,* and *John Lindsay,* for Appellants, sub-
mitted a brief; *Mr. Healey* argued the cause orally.

For Respondent, there was a brief by *Messrs. C. F. Kelley, L. O. Evans, W. B. Rodgers,* and *D. Gay Stivers; Mr. Evans* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

For some time prior to September 16, 1912, this cause had been pending and at issue in department No. 1 of the district court of Silver Bow county, presided over by Judge Lynch. An affidavit disqualifying Judge Lynch under the provisions of subdivision 4 of section 6315, Revised Codes, was filed, and on September 16, 1912, this order was entered in the minutes of the court: "Washoe Copper Company, a Corporation, versus Edward Hickey, as Administrator, et al. This day it appearing to the court that the Hon. Jeremiah J. Lynch, Judge of Department One of this court, having been disqualified from trying this cause, and thereupon by agreement of the respective counsel, the Hon. W. R. C. Stewart, Judge of the Ninth Judicial District, is by the court called in to try this cause, and the trial of this cause is by the court continued for hearing until Monday, October 2d, 1911." On September 30, Daniel T. Lewis, one of defendants, filed an affidavit of disqualification against Judge Stewart, under the provisions of the statute above. On October 2, when Judge Stewart appeared in court for the trial of this cause, his attention was directed to the Lewis affidavit and also to the minute entry of September 16, and then, over the objections of defendants, he proceeded with the trial. From a judgment in favor of plaintiff the defendants appealed, and present for our determination the question: Had Judge Stewart authority to preside at the trial of this cause?

1. The filing of the Lewis affidavit *ipso facto* worked a [1] disqualification of Judge Stewart, unless the defendants had waived their statutory right to file such affidavit.

2. That the minute entry of September 16 correctly recites the facts is not controverted; but counsel for appellants insist that the entry does not disclose a waiver, and, if it does, public policy forbids its enforcement. When Judge Lynch was disqualified,

he was authorized by the statute to call in any other district judge whom he might select. He was not under any obligation to consult the parties or their attorneys, but he had authority to call a particular judge upon whom counsel agreed, and this he did. So that, Judge Stewart having been rightfully called, the question presented to us arises upon a consideration of the agreement evidenced by the minute entry of September 16.

3. That counsel for both parties agreed to try this cause before Judge Stewart does not admit of doubt. Upon any other theory the language of the record is meaningless. Why should there be a recital that Judge Stewart was called by agreement of counsel? Such an agreement would not add anything if Judge Stewart was merely called in subject to the same objections which might have been lodged against a judge who was called without the knowledge of the parties or their counsel. But Judge Stewart was not merely called into the case. He was called "to try the cause" by agreement of counsel.

4. The situation of a trial judge is somewhat similar to that of a juror. A litigant may exercise his challenge for cause as against the prospective juror, and may likewise disqualify the sitting judge for cause under the first three subdivisions of section 6315 above. But in either instance the particular ground of challenge must appear. To disqualify a judge under subdivision 4 above, the litigant is not required to state any facts upon which his claim of the judge's bias or prejudice is founded, and in this aspect of the case the proceeding is analogous to that invoked in the exercise of a peremptory challenge to a juror. It is not the bias or prejudice which works his disqualification, but the mere filing of the affidavit in time, even though the judge against whom it is aimed be entirely free from either charge. When the challenges to the jurors for cause are completed and counsel for the respective litigants announce: "We agree to this jury," this would constitute a waiver of every peremptory challenge by [2] either party; and by the same token, when counsel for the respective parties in this action said: "We agree to try this cause before Judge Stewart," such agreement operated as a waiver of

the right by either party thereafter to file a disqualifying affidavit against him, under subdivision 4 above.

5. That the attorney for defendants had authority under his [3] general powers to bind his clients by this agreement is not open to question. But out of abundance of caution, Judge Stewart heard evidence touching the circumstances surrounding the parties at the time the agreement was made, and it was then developed that Mr. Maury, the attorney for the defendants who entered into the agreement on their behalf, was specially authorized by them to do so. The agreement then was their agreement, and it would be a reproach to the law to permit a litigant to play fast and loose with the court, as was attempted to be done in this instance. In justice to Mr. Maury, let it be said that the affidavit of September 30 was filed without his knowledge or consent.

6. The record evidence was ample to sustain Judge Stewart in the course of action which he pursued, and therefore no harm could result from receiving the other evidence.

7. The mutual benefit flowing to each party by having the [4] time for the trial fixed definitely, and the trouble and delay incident to further disqualifications avoided, constituted a sufficient consideration for the agreement.

8. Section 6181, Revised Codes, provides: "Anyone may waive the advantage of a law intended solely for his benefit. But a law [5] established for a public reason cannot be contravened by a private agreement." There is not anything peculiar about the provisions of subdivision 4 above. They merely grant privileges which may be accepted or waived. They are waived (1) by the failure to file a disqualifying affidavit, or (2) by failure to file in time. These considerations are sufficient to show that it was not the intention of the legislature to inject into these provisions any question of public policy, and this is emphasized by the further provision limiting the number of challenges to five. Subdivision 4 confers advantages solely for the benefit of the litigant, and such advantages may be waived, and in this instance they were waived, in a mode prescribed by law (subd. 1, sec. 6389, Rev. Codes).

For more extended discussion of the question here considered, see *State* v. *Ham*, 24 S. D. 639, Ann. Cas. 1912A, 1070, 124 N. W. 855, where in an elaborate and well-considered opinion the conclusion is reached in harmony with our views as expressed above.

Judge Stewart was authorized to proceed with the trial of this cause, and the judgment of the district court is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.