STATE EX REL. CARROLL, GUARDIAN, RELATOR, *v.* DISTRICT
COURT ET AL., RESPONDENTS.

(No. 3,654.)

(Submitted March 29, 1915. Decided April 13, 1915.)

[148 Pac. 312.]

*Supervisory Control — District Judges — Disqualification — Imputed Bias and Prejudice — Statutes — Depriving Party of
—Right—Abuse of Discretion—Guardian of Incompetent—
"Party"— Continuance.*

District Judges—Disqualification—Imputed Bias or Prejudice—Abridgment of Right.
    1. The right conferred by subdivision 4 of section 6315, Revised
    Codes, as amended (Laws 1909, p. 161), upon parties to disqualify a

district judge for imputed bias or prejudice, cannot be abridged
merely because it is subject to abuse.

Same—Right of Disqualification—"Party."

2. A guardian of the person and estate of an incompetent, is a
"party," within the meaning of section 6315, Revised Codes, *supra*,
to a proceeding to have such incompetent declared competent, and
may therefore exercise the right to disqualify the district judge by
filing the affidavit provided for therein.

[As to construction of word "party" in statute disqualifying
judge related to party, see note in Ann. Cas. 1914C, 972.]

Same—Order Depriving Party of Right—Abuse of Discretion.

3. Section 6315, *supra*, provides that the affidavit necessary to bring
about the disqualification of a district judge for imputed bias or
prejudice must be filed at any time before the day fixed for the
hearing, *etc.* The petition in a proceeding seeking the restoration
of an incompetent to capacity was filed just before the closing hour
of the business day; service upon the guardian of such person was
made at 11 o'clock P. M. of the same day; the hearing was ordered
set for the following day at 2 o'clock P. M. *Held*, that by the
course pursued the court deprived the guardian of the right of dis-
qualification conferred by section 6315, and order fixing day of hear-
ing annulled as an abuse of discretion.

Same—Continuance—Filing of Affidavit—When too Late.

4. A continuance in the circumstances recited in paragraph 3, *supra*,
would have been fatal to relator, under *State ex rel. Jacobs* v. *Dis-
trict Court*, 48 Mont. 410.

Original application for writ of supervisory control to annul
an order of the District Court of Lewis and Clark County, and
J. M. Clements, a judge thereof, setting a cause for hearing.
Order annulled as an abuse of discretion.

*Messrs. Galen & Mettler* and *Mr. Ed. Phelan*, for Relator;
*Mr. Frank W. Mettler* argued the cause orally.

*Mr. Wellington D. Rankin*, for Respondents, submitted a brief
and argued the cause orally.

MR. JUSTICE SANNER delivered the opinion of the court.

The admitted facts in this proceeding are: On March 24, 1915,
there was, and for approximately two years had been, pending
in department No. 2 of the district court of Lewis and Clark
county, Hon. J. Miller Smith, judge presiding, the guardian-
ship of the person and estate of Mary Murphy, incompetent.
On that day, at 4:50 P. M., and in that proceeding, Anna E.
Nett filed her affidavit to disqualify Judge Smith from further

action save to transfer the proceeding to department No. 1, Hon. J. M. Clements, Judge, which was immediately done. Thereupon Mrs. Nett filed her petition praying that Mrs. Murphy be declared competent to manage her own business and affairs, and Judge Clements made an order setting said petition for hearing before himself on the following day, at 2 o'clock P. M., directing that a copy of the petition and order "be served upon those entitled to notice by law at sometime prior to March 25, 1915." Service was had upon the guardian, Joseph J. Carroll, at 11 o'clock P. M. of March 24, 1915, after he had retired for the night; but on the next day, before 2 o'clock P. M., he filed an affidavit of disqualification against Judge Clements, which the judge has ignored and intends to ignore. We are asked to annul the order referred to, as an abuse of discretion by Judge Clements, the specific contention being that the guardian was thereby deprived of his right of disqualification.

That a right may be conferred by statute; that when so conferred, it is entitled to judicial recognition; that such recognition cannot be withheld nor the right abridged because it is subject to abuse; and that subdivision 4 of section 6315, Revised Codes, as amended, is such a statute and confers such a right, are propositions too well settled for discussion. (*State ex rel. Working et al.* v. *District Court,* 50 Mont. 435, 147 Pac. 614; *State ex rel. First Trust & Sav. Bank* v. *District Court,* 50 Mont. 259, 146 Pac. 539; *Washoe Copper Co.* v. *Hickey,* 46 Mont. 363, 128 Pac. 584; *State ex rel. Carleton* v. *District Court,* 33 Mont. 138, 8 Ann. Cas. 752, 82 Pac. 789.) The questions, then, are whether under the circumstances such right was conferred upon the guardian, and whether the effect of the order was to take it from him.

It is urged by the respondents that, as the statute by its terms restricts the right of disqualification to parties, the guardian cannot possess it, because he is not a party to the proceeding; and this suggests the inquiry how the matter comes to be before Judge Clements. The petition to this court recites, and the answer thereto admits, that before filing her petition for

the restoration of Mary Murphy to competency, Mrs. Nett presented her affidavit to disqualify Judge Smith in the guardianship proceeding—notwithstanding she was not a party to that proceeding nor, so far as appears, the agent of one. The record also indicates that the petition for restoration was filed in the guardianship proceeding, and, of course, if it was properly so filed and Judge Smith never really lost jurisdiction in that proceeding, the restoration matter is not before Judge Clements at all. The theory of respondents, however, and the one we are inclined to adopt, is that the petition for restoration initiated a separate and distinct proceeding. Anyhow, the guardian has an interest. Whether we view the proceeding for restoration as independent of the guardianship or within it, the guardian is a party—in the latter case manifestly so; in the former by express provision of law. (Rev. Codes, sec. 7767.)

But it is said that unless the affidavit is filed before the day fixed for the hearing, the right to disqualify is lost, and, as that [3] is the situation here, the guardian has no ground of complaint. The premises must be granted; but the conclusion would be of more value to the respondents if the subject of our review were the failure of Judge Clements to notice the affidavit of disqualification filed on the day of the hearing. As applied to the real question before us, the argument amounts to no more than a practical admission of the guardian's contention. The petition for restoration was presented within ten minutes of the closing of the business day of March 24, and the time for the hearing was fixed for the following day. Assuming that this was within the power of the court, the order reciting that it was made "upon good cause shown"—though no such cause actually appears—service could still have been directed to be made forthwith, to the end that whatever steps it might be necessary for the guardian to take before the day fixed for the hearing, could be taken or at least attempted. Instead of this, service was directed to be made "at some time prior to the 25th day of March, 1915"; it was so made, to-wit, one hour before—at a time when the guardian had retired and most people are in bed

—and the guardian's loss of his right to disqualify was the result. In the exercise of any authority to shorten or fix the time for a hearing, the situation of all parties must be considered, and we cannot concede that it lies within the sound discretion of any court to so act as to necessarily deprive any litigant of a substantial right. We are not obliged to conclude, as the guardian contends, that such was the intention; it is sufficient that a course was pursued from which no deviation can be suggested if such had been the purpose.

It is argued that the guardian is in no position to challenge **[4]** the order complained of, because he did not appear before the court below and ask a continuance, if that were necessary to his cause. This also might be tenable under some circumstances; but to save the particular right here involved, such a course would not only have been useless but fatal. (*State ex rel. Jacobs* v. *District Court*, 48 Mont. 410, 138 Pac. 1091.)

In our opinion, the order fixing the day of the hearing of the petition to restore Mary Murphy was, under the circumstances, an abuse of discretion by the judge who made it, and it is therefore annulled.

*Order annulled.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.