STAIR ET AL., RESPONDENTS, *v.* LUNKE, APPELLANT.

(No. 4,002.)

(Submitted April 29, 1919.   Decided May 28, 1919.)

[180 Pac. 569.]

*District Courts—Change of Place of Trial—Bias and Prejudice
—Disqualification of Judge—Waiver—Presumptions.*

Change of Venue—Judges—Bias and Prejudice—Waiver.
  1.  *Held,* that defendant who, having filed an affidavit charging bias
  and prejudice on the part of the district judge before whom the cause
  was pending, moved for a transfer thereof to an adjoining district,
  assuring the court that a like objection to the judge of the neighbor-
  ing court did not exist, waived his right to disqualify the latter.

Same—Presumptions.
  2.  Where a litigant at the time he asked for a transfer of his cause
  to another district indicated that the judge of that district was free
  from the bias and prejudice imputed to the former, the condition thus
  set forth will be presumed to continue, under section 7962, subdivision
  32, Revised Codes, until the contrary is shown.

*Appeal from District Court, Richland County; C. C. Hurley,
Judge.*

ACTION by John E. Stair and others against R. O. Lunke.
Judgment for plaintiffs, and defendant appeals.   Affirmed.

*R. O. Lunke, pro se.,* submitted a brief; *Mr. C. A. Spaulding,*
of Counsel, argued the cause orally.

*Messrs. Fisher & Johnson,* for Respondent, submitted a brief;
*Mr. Edward F. Fisher* argued the cause orally.

MR. JUSTICE COOPER delivered the opinion of the court.

This action was commenced on the twenty-sixth day of March,
1914, by the filing of a complaint in the office of the clerk of the
district court at Plentywood, Sheridan County, in the Twelfth
judicial district.   On July 15 the defendant filed his answer to
the complaint.   On June 28, 1915, after issue joined, the defend-
ant filed a disqualifying affidavit against Hon. Frank N. Utter,

judge of the Twelfth judicial district, together with a motion for the transfer of the cause to the nearest judicial district, as provided by law. On the following day the cause was transferred to the Seventh judicial district, and the papers therein filed with the clerk of the district court at Sidney, Richland County, in response to the disqualifying affidavit and the following motion:

"Comes now the above-named defendant and moves the above-entitled court to make an order transferring the above-entitled cause to Richland County, in the Seventh judicial district in the state of Montana, on the grounds and for the reason that a disqualifying affidavit has been filed in said action disqualifying Hon. Frank N. Utter, judge of the above-named court, and for that reason is disqualified to try said matter, and that the district court of Richland County, Mont., is the nearest district court to the above court in which like objections to the judge of said court does not exist. This motion is made upon all the files and records of said court and the minutes of the court heretofore made therein.

"Dated this 28th day of June, 1915.

"R. O. LUNKE,<br>"Defendant."

On the 3d of January, 1916, one day preceding the date upon which the cause was regularly set for trial, the defendant, R. O. Lunke, filed a disqualifying affidavit against Hon. C. C. Hurley, the judge of the Seventh judicial district, sitting at the town of Sidney, and before whom the trial was to be had, stating that he (defendant) "had reason to believe and does believe that said defendant, R. O. Lunke, cannot have a fair and impartial trial and hearing in said matter before Hon. C. C. Hurley, judge thereof, by reason of the bias and prejudice of said C. C. Hurley." Thereupon, under the direction of the court, the following statement and order were entered in the minutes of the court: "This case was transferred here without any invitation on the part of this court, and on motion of the defendant, and I will ignore the disqualifying affidavit and proceed to trial. * * * I don't believe you have a right to disqualify a judge

of one district, and have the case transferred here on your own motioń, and then come in and disqualify this court. You may proceed with the trial. To which ruling and order of the court then and there the defendant duly excepted. Thereupon the defendant left the courtroom, and no appearance was thereafter made for him in said cause. Thereafter a jury was called and impaneled, and evidence given on the part of the plaintiffs, and at the conclusion of this evidence the plaintiffs moved the court for a directed verdict in the sum of $2,854.34.'' The motion· of plaintiffs ·for a directed verdict was granted, and, iń obedience to the order of the court, the jury returned a verdict in their favor. Judgment was entered thereon for the sum demanded, and the cause is now here on appeal· from such judgment.

Appellant's contention is that upon the filing of the disqualifying affidavit against Hon. C. C. Hurley his authority ceased, [1] and all proceedings had in the cause thereafter were absolutely void. The respondent meets this assertion with the argument that appellant, in moving for a transfer of the cause to the Seventh judicial district, acting in the dual capacity of defendant and attorney for himself, assured the judge of the Twelfth judicial district that a ''like objection to the judge'' of the Seventh judicial district did not exist, thereby securing such transfer; that such conduct was so inconsistent as to create an estoppel and render the disqualifying affidavit against Judge Hurley altogether impotent and ineffectual· to impeach the authority of Judge Hurley to proceed to judgment.

No reason is suggested by appellant why a statement obviously made to the court in Sheridan County for the purpose of obtaining a transfer to another district should be disregarded in Richland County. If defendant, when he asked Judge Utter to [2] · transfer his cause to the Seventh judicial district, had no objection to Judge Hurley by reason of bias and prejudice, under subdivision 32 of section 7962 of the Revised Codes, that condition would be presumed to continue until the contrary be shown. As said by Mr. Justice Sanner in *State ex rel. Jacobs*

v. *District Court*, 48 Mont., at page 415, 138 Pac., at page 1093 :
"If a litigant really feels that he cannot secure a fair and impar-
tial trial before a certain judge, he is generally conscious of that
feeling before the day fixed for the hearing, and long enough to
enable him, by a prompt and proper disclosure of it, to secure
to himself every substantial right." In the meantime, had some
new apprehension overtaken Mr. Lunke concerning his chances
of obtaining before Judge Hurley a fair and impartial trial,
candor and fairness on his part, as well as a proper sense of
professional obligation, would have prompted him to make it
known. In the motion addressed to the district court of the
Twelfth judicial district he expressed himself satisfied to have
his cause tried before the judge of the Seventh judicial district.

The right to disqualify a judge accorded by the statute (Rev.
Codes, sec. 6315, subd. 4) is wholly a personal privilege which a
party may waive and does waive until he sets its machinery in
motion in the prescribed mode. "Anyone may waive the ad-
vantage of a law intended solely for his benefit." (Sec. 6181.)
The statement of Mr. Lunke found in his motion before Judge
Utter, in the light of the reasoning in the opinion of this court
in *Washoe Copper Co.* v. *Hickey*, 46 Mont. 363, 128 Pac. 584, is
proof against his contention that a waiver is not made out
against him. In that case Mr. Justice Holloway, speaking for
this court, said : "The situation of a trial judge is somewhat simi-
lar to that of a juror. A litigant may exercise his challenge for
cause as against the prospective juror, and may likewise disqual-
ify the sitting judge for cause under the first three subdivisions
of section 6315 above. But in either instance the particular
ground of challenge must appear. To disqualify a judge under
subdivision 4, above, the litigant is not required to state any facts
upon which his claim of the judge's bias or prejudice is founded,
and in this aspect of the case the proceeding is analogous to that
invoked in the exercise of a peremptory challenge to a juror.
It is not the bias or prejudice which works his disqualification,
but the mere filing of the affidavit in time, even though the judge
against whom it is aimed be entirely free from either charge.

When the challenges to the jurors for cause are completed and counsel for the respective litigants announce, 'We agree to this jury,' this would constitute a waiver of every peremptory challenge by either party.''

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.

Rehearing denied July 3, 1919.