STATE ex Rel. EDEN, Appellant, v. SCHNEIDER, Administratrix, Respondent.

(No. 7,525.)

(Submitted April 23, 1936. Decided May 7, 1936.)

[57 Pac. (2d) 783.]

*Mr. E. E. Collins* and *Mr. M. J. Lamb,* for Appellant, submitted a brief; *Mr. Collins* argued the cause orally.

*Messrs. H. C. Crippen* and *Mr. H. C. Crippen, Jr.,* for Respondent, submitted a brief; the latter argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

This is an appeal from a judgment denying the application of the relator, Carl Eden, for a writ of mandate to compel the respondent, Margaretha Schneider, as administratrix of the estate of Adolph G. Schneider, deceased, to convey to him certain real estate standing of record in the name of deceased, in Yellowstone county.

The record shows that Adolph G. Schneider died in 1931 at Columbus, Stillwater county, wherein his estate is being probated; his wife, Margaretha Schneider, is the duly appointed, qualified and acting administratrix of the estate. In December, 1931, pursuant to petition regularly filed, the district court of Stillwater county authorized the administratrix to sell the property here involved to the highest bidder for cash. In June, 1932, the administratrix made her report and return on the sale to the effect that she had made the sale, in conformity with the terms of the order of sale, to the relator, Carl Eden, for the sum of $1,000. A hearing on the return was duly noticed and held, and thereon the court confirmed the sale and directed the administratrix to convey the property to Eden. The administratrix caused a copy of the order of confirmation to be recorded in Yellowstone county, and Eden went into possession of the premises, but no conveyance was made thereof.

In August, 1935, Eden filed his petition herein for a writ of mandate to compel the transfer and therein set up the proceedings had, and alleged that between the date of the sale and of the confirmation thereof, the administratrix became indebted to him in a sum in excess of $1,000 on behalf of the estate, and that they entered into an agreement whereby she agreed to retain the amount due the relator from the estate as the purchase price of the real estate, and that it was thereafter that the administratrix reported the sale to the court as for cash and secured the order of confirmation which directed the conveyance of the property to him. He then alleged that it be-

came the immediate duty of the administratrix to make the conveyance, and this she "refused to, and still refuses to" do.

On this petition Judge Robert C. Stong, in the district court of Yellowstone county within the Thirteenth Judicial District of which Stillwater county is a part, on August 10, 1935, caused to be issued an alternative writ commanding the administratrix to make the conveyance, or to show cause before the court on August 20, 1935, why she had not done so. At the time set for the showing the respondent filed a demurrer, a motion to quash, and a return to the writ. The demurrer and motion to quash are unimportant, as both were overruled and no question is raised as to the correctness of the court's ruling.

The "return" denies relator's allegation that he paid the purchase price agreed upon, and alleges that the agreement between them was that relator should pay $500 in cash and give to the administratrix his note for $500 on confirmation of the sale, and that he failed to do either. The administratrix then shows the court that on May 22, 1935, she filed, in the estate matter, her petition for an order vacating, annulling and setting aside the sale and confirmation thereof on the ground that the relator had not paid the purchase price for the property, which petition was duly set for hearing on June 19, 1935, and notice thereof served upon the relator. It is alleged that relator did not appear to contest the petition and, after hearing the testimony of the administratrix, the court made an order directing this relator to pay to the administratrix $1,000 by the 25th day of June, 1935, and that on his failure so to do, the court would grant the motion to vacate; that the payment was not made, and thereafter the court made and caused to be entered its order vacating and setting aside the sale and confirmation thereof, and directing the administratrix to proceed in the estate matter as though the sale and confirmation had never been made. No appeal was taken from this order; relator simply ignored the order to show cause why the sale should not be set aside and the order based thereon, and applied to the court to compel the administratrix to convey the property.

The Thirteenth Judicial District has two judges, and, although Judge Robert C. Stong issued the order to show cause herein, Judge O. F. Goddard presided at the hearing. On August 17, the relator made, and on August 19 filed, an affidavit of disqualification of Judge Goddard. The relator appeared at the time set for the hearing, on August 20, presented the affidavit and objected to Judge Goddard's hearing the matter, but the court held that the affidavit was "not filed within the time prescribed by law and * * * is therefore overruled and disregarded." All of the records in the estate matter in Stillwater county with respect to the sale and its annulment were introduced in evidence, and thereon Judge Goddard held that "the matters involved herein are *res adjudicata,* as they have already been passed upon by Judge Robert C. Stong, in the district court of Stillwater county," denied the application, and entered judgment of dismissal of the petition.

Relator's first specification is that Judge Goddard erred in disregarding the affidavit of disqualification. Upon the filing of the statutory affidavit of disqualification, within time, the judge against whom the affidavit is filed has no authority "to act further in the action, motion, or proceeding" in which he is thus disqualified, except as to the formal matters mentioned in the Act, but the affidavit, to be effective, must be filed at least five days before the day appointed for the hearing or trial, "providing such party shall have had notice of the hearing * * * for at least the period of five days and in case he shall not have had notice for such length of time, he shall file such affidavit immediately upon receiving such notice." (Sec. 8868, Rev. Codes 1921, as amended by Chapter 93, Laws of 1927.)

The relator asserts that he was entitled to notice of the hearing on the demurrer and motion to quash and to disqualify Judge Goddard from hearing those matters, and, consequently, as they were not filed until August 20, his affidavit was timely. The demurrer and motion were but incidental to the return on the order to show cause and were summarily disposed of on

the day set for the hearing on the order. This setting was at relator's request and he had knowledge thereof from the time he filed his petition and secured the order. The affidavit of disqualification was filed before either the demurrer or motion was filed, and it cannot now be successfully contended that the affidavit was directed to the hearing on either of these pleadings. Having secured the issuance of the alternative writ and order to show cause, returnable on August 20, the relator should have appeared in court at the time set, ready to meet the showing made, whether by demurrer, motion to quash or return and answer, either of which was proper (sec. 9852, Rev. Codes 1921; *State ex rel. State Publishing Co.* v. *Hogan*, 22 Mont. 384, 56 Pac. 818), as the determination as to whether the matter would be heard on the day set or postponed to a future date rested with the court and depended upon the nature of the showing made. (Secs. 9853, 9857, Rev. Codes 1921; *Chumasero* v. *Potts*, 2 Mont. 242.) Had there been but one judge of the district court, it would have been necessary, therefore, to have filed an affidavit of disqualification against him at least five days prior to August 20.

There is no showing made herein, by rules of court or otherwise, as to how the business of the district court is handled at Billings. Primarily, each of the two judges of the district court, in such a district as this, has all of the authority and jurisdiction conferred by law upon district judges. When a district has more than one judge, departments are created and the business is divided by rules of court adopted by the judges, or, if they fail to do so, laid down by this court (sec. 8832, Rev. Codes 1921), "but the court presided over by each of the judges is *the* district court of the district and not *a* departmental court. The jurisdiction of the court extends to all matters properly before it, and neither department is 'a court of concurrent jurisdiction' to the other. In the absence of rules, either judge has full authority to proceed in any matter properly before the court. (*State ex rel. Little* v. *District Court*, 49 Mont. 158, 141 Pac. 151." (*State ex rel.*

*Public Service Commission* v. *Great Northern Utilities Co.,* 86 Mont. 442, 284 Pac. 772, 773.)

It is true, as stated by Mr. Chief Justice Brantly in his concurring opinion in the *Little Case,* that rules should be promulgated which advise litigants, with some degree of certainty, as to which judge will try their cause, but in the absence of a showing of such a rule, that desirable situation cannot be presumed. Our statute, above, makes no provision for such a situation as this; it merely declares that the affidavit must be filed at least five days before the hearing, unless affiant has no notice thereof, in which case it must be filed ''immediately upon receiving such notice.'' Only by reading into the statute a provision not incorporated by the legislature could we hold that the statute grants the right to disqualify one judge of a district from presiding in a matter over which he has jurisdiction after the expiration of the five-day period prior to the time set for the hearing, and, if we were to so construe the statute, we would be compelled to hold that the affidavit for that purpose must be filed ''immediately'' upon learning the fact that such judge did propose to sit, thus liberally construing the amendment of 1927 by a parity of reasoning. But, on the record, it would appear that the relator knew that Judge Goddard would preside at the hearing set for August 20, as early as August 17, for it was on that date he made the affidavit filed on the 19th, and the liberal construction suggested would avail him nothing.

Like the peremptory challenge of a juror, this disqualification is waived if not exercised at the proper time. (*Washoe Copper Co.* v. *Hickey,* 46 Mont. 363, 128 Pac. 584; *State ex rel. Jacobs* v. *District Court,* 48 Mont. 410, 138 Pac. 1091.) And, while the right thus to disqualify a judge for imputed bias cannot be abridged merely because it is subject to abuse (*State ex rel. Carleton* v. *District Court,* 33 Mont. 138, 82 Pac. 789, 8 Ann. Cas. 752; *State ex rel. Carroll* v. *District Court,* 50 Mont. 506, 148 Pac. 312), owing to the fact that it is purely statutory and ''open to so much abuse,'' this court has heretofore construed it strictly according to its ex-

press terms, and has refused to "broaden it by implication to include conditions not clearly within them." (*State ex rel. Nissler* v. *Donlan, Judge,* 32 Mont. 256, 80 Pac. 244, 247.)

Considering the condition of the record, the failure of the statute to provide for such a situation as confronted the trial judge, and the unexplained delay in filing the affidavit, we cannot say that the court erred in disregarding the attempt to disqualify him herein.

It is contended by the respondent that the relator is not entitled to have the appeal determined on the merits, for the reason that mandamus was not the proper remedy, as he should have appealed from the order vacating the sale. Under like circumstances this court has held contrary to respondent's contention, declaring: "It is clear that an appeal from the order \* \* \* would not have been equally convenient, beneficial, and effective as the proceeding by mandamus, since favorable determination of that appeal would not have compelled defendant to do the specific act which section 10228, supra [Rev. Codes 1921], requires him to perform," that is, to convey the property. (*State ex rel. Brink* v. *McCracken,* 91 Mont. 157, 6 Pac. (2d) 869, 872.) As in the McCracken proceeding, the relator ignored the order setting aside the sale and confirmation thereof as null and void, and sought to compel the conveyance of the real estate under the order of confirmation; this he could properly do in this proceeding before the district court, but the success or failure of his attempt depends upon whether or not the ignored order was void. If it was a void order, as the order in the *McCracken Case* was held to be, for the reason that the order of confirmation was unassailable and had become *res judicata* at the time the trial court attempted to set it aside, the trial court should have issued the writ sought (*State ex rel. Brink* v. *McCracken,* supra), or, if the order sought to accomplish something more than merely clearing the records to enable a resale of the property after a failure to comply with the terms of a sale, the relator might be entitled to prevail in this proceeding. (*State ex rel. Donovan* v. *District Court,* 27 Mont. 415, 71 Pac. 401.)

However, where, by compliance with the requirements of the statute in all particulars up to the time of confirmation, the order of confirmation becomes a judgment and *res judicata*, it operates to divest the heirs of their title, and even cures all errors and irregularities not jurisdictional (*Plains Land & Improvement Co.* v. *Lynch*, 38 Mont. 271, 99 Pac. 847, 129 Am. St. Rep. 645). The statute provides specifically that: "If, after the confirmation, the purchaser neglects or refuses to comply with the terms of sale, the court or judge may, on motion of the executor or administrator, and after notice to the purchaser, order a resale to be made of the property." (Sec. 10227, Rev. Codes 1921.) This is a special statute and fixes no time within which the "motion" must be made, as does the general statute for setting aside judgments and the like. (Sec. 9187, Rev. Codes 1921.)

Herein the administratrix moved the court to set aside the order of confirmation of the sale on the ground that the purchaser had failed to comply with the terms of sale, to-wit, for cash; gave due notice to the purchaser and presented her proof to the court. On the showing made the court cleared the way for a resale of the property; its order amounts to no more than this. In order to restore the *status quo* by revesting the title in the heirs and placing the administratrix in a position to resell the real estate involved, it was necessary that the sale, the terms of which the court found to have been violated, and the confirmation thereof be annulled. The evidence adduced at the hearing is not before us and must be held to have been sufficient to warrant the court's finding that the purchaser had not paid the purchase price, and that the application to have the sale set aside was timely. Therefore, as Judge Stong's order was valid, Judge Goddard was correct in his declaration that it was *res judicata* and a bar to relator's asserted right.

Judgment affirmed.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICES STEWART, ANDERSON and MORRIS concur.