STATE EX REL. WORKING ET AL., RELATORS, *v.* DISTRICT COURT ET AL., RESPONDENTS.

(No. 3,640.)

(Submitted March 8, 1915. Decided March 22, 1915.)

[147 Pac. 614.]

*Default Judgments—Setting Aside—Denial of Motion—Rehearing.—Power of Court—Disqualification of District Judges—Effect of Affidavit—Excess of Jurisdiction—Certiorari.*

Default Judgments—Setting Aside—Rehearing—Effect of Order.

1. The effect of an order granting leave to renew a motion, on a day fixed, to vacate a default, was to annul the order theretofore made denying the motion, and to set it for hearing on its merits the same as if it had not been heard before.

Same—Motions—Rehearing—Power of Court.

2. The district court has power to grant a rehearing upon a motion to open a default when additional facts are presented or defects in the proof are supplied, or even upon the same state of facts, and its ruling will not be disturbed except in case of abuse of discretion.

Same—Renewal of Motion—Practice.

3. While it is the better practice to have the order denying a motion to vacate a default recite that it is made without prejudice or that permission is granted to renew the motion, yet where neither course is pursued and the renewed motion has been heard and disposed of upon its merits, it will be presumed that leave was previously granted.

Same—Disqualification of District Judges—Right of Defendant.

4. A defendant, though in default, is still a "party," so far at least as to entitle him to move to set it aside (or to take and prosecute an appeal), and as such may, by filing the affidavit prescribed by section 6315, Revised Codes, as amended (Laws 1909, Chap. 114), disqualify

the district judge, who, after denying the motion to vacate, had granted a rehearing.

Same—Disqualification of Judges—Excess of Jurisdiction—*Certiorari.*
    5. *Held,* on *certiorari,* that after a disqualifying affidavit had been filed against a district judge under the provisions of section 6315, Revised Codes, as amended, he was deprived of further jurisdiction in the matter of hearing a renewed motion to set aside a default, and exceeded his authority in vacating the order granting a rehearing thereof, the reason or reasons which prompted his action being immaterial.

    [As to validity of judgment rendered by disqualified judge, see note in 84 Am. Dec. 126. As to waiver of objection to disqualified judge, see note in Ann. Cas. 1912A, 1072.]

Original application for writ of *certiorari* by the State, on the relation of Lincoln Working and others, against the District Court of the First Judicial District in and for the County of Lewis and Clark and James M. Clements, as judge thereof. Motion to quash overruled and order annulled.

*Mr. E. D. Weed* and *Mr. Edward Horsky,* for Relators, submitted a brief; *Mr. Horsky* argued the cause orally.

*Mr. Ed. Phelan* and *Mr. J. H. Brass,* for Respondents, submitted a brief; *Mr. Phelan* argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

*Certiorari.* In an action pending in the district court of Lewis and Clark county, entitled "*Frank Ernst* v. *Lincoln Working et al.,*" the relators herein, the defendants suffered default for failing to answer after their demurrer to the complaint had been overruled. Default was entered on January 16, 1915. They thereafter moved the court to set aside the default. This motion was denied on February 8. The court thereupon appointed March 1 for a hearing upon the question of the amount of damages plaintiff was entitled to recover. On February 25, upon application of defendants, the court made an order granting them leave to renew their motion to set aside the default. Hearing upon the motion was set for February 27, the court making an order shortening the time for the giving of notice. At the time this order was made the defendants exhibited to

the court, Hon. J. M. Clements presiding, the affidavits which they intended to file setting forth the grounds of their motion, to which was attached their proposed answer, duly verified. Thereafter these, together with the motion, were filed with the clerk. During the afternoon of the same day the defendants filed an affidavit alleging that Judge Clements was disqualified by reason of his bias and prejudice to hear the motion or to hear the cause. Later in the afternoon, and after the affidavit had been called to his attention. Judge Clements revoked the order granting leave to renew the motion. Thereupon this proceeding was brought to have the order of revocation annulled as in excess of jurisdiction.

At the hearing, counsel for defendants herein interposed a motion to quash the writ and dismiss the proceeding on several grounds, which together present the single question whether, **[1]** upon the facts recited above, the relators are entitled to relief. The legal effect of the order granting leave to renew the motion was not, as counsel seem to think, merely to give the relators the opportunity to appear in court on February 27 and disclose their reasons why the rehearing should be had, but to annul the order of February 8 denying the motion to vacate the default and to set the hearing upon the motion. It reinstated the motion for hearing on its merits, just as if the order denying it had never been made. The office of the order was the same as an order by this court granting a rehearing upon petition under the rule (44 Mont. xxxvi, 123 Pac. xiii, par. 13) after a cause has been heard and determined. When such a rehearing is granted, the cause stands open as if it had never been heard, unless the order limits the scope of the argument or designates the particular point or points upon which further argument is desired. That a trial court has the power to grant a **[2]** rehearing upon a motion, we do not think is open to question. A decision upon the motion has not the force of a former adjudication, in the same sense as a judgment finally settling the controversy. When a final judgment has once been rendered, it cannot be set aside by the court which has rendered it,

except upon motion for a new trial or some other method author-
ized by statute, and, unless void upon its face, it is conclusive
as to the matter adjudged upon the parties and their successors.
(Rev. Codes, sec. 7914.)   A decision upon a motion, so long as
it stands, is conclusive in subsequent controversies when it has
adjudicated some substantial right, especially if it is made upon
a full hearing of controverted facts, and may be reviewed by
appeal.   (*Riggs* v. *Pursell,* 74 N. Y. 370.)   The power of review,
by the court making it, is not often limited by statute, and it is
generally held that it is within the discretion of the court to re-
consider its decision on a motion when additional facts are pre-
sented, or defects in the proof are supplied, or even upon the
same state of facts, though in the latter case the power is rarely ex-
ercised.   (*Riggs* v. *Pursell, supra.*)   In *Kenney* v. *Kelleher,* 63 Cal.
442, it was said: ''Leave to renew a motion (to vacate a default)
may be given after the original motion is denied, and the granting
* * *   of leave is within the legal discretion of the court, and will
not be interfered with except in case of abuse; and it is not an
abuse to grant leave upon the same facts more fully stated.''   The
following cases support the rule thus stated: *Hitchcock* v. *Mc-
Elrath,* 69 Cal. 634, 11 Pac. 487; *Adams* v. *Lockwood,* 30 Kan.
373, 2 Pac. 626; *Carlson* v. *Carlson,* 49 Minn. 555, 52 N. W. 214,
*Stacey* v. *Stephen,* 78 Minn. 480, 81 N. W. 391; *Stutzner* v.
*Printz,* 43 Neb. 306, 61 N. W. 620; *Riggs* v. *Pursell,* 74 N. Y. 370;
*Fisk* v. *Hicks,* 29 S. D. 399, Ann. Cas. 1914D, 971, 137 N. W. 424;
*Clein* v. *Wandschneider,* 14 Wash. 257, 44 Pac. 272.   See gen-
erally, also, 28 Cyc. 20.

The discussion of the subject in *Jensen* v. *Barbour,* 12 Mont.
566, 31 Pac. 592, though not decisive, is a direct recognition of
the rule as stated in *Belmont* v. *Erie Ry. Co.,* 52 Barb. (N. Y.)
637, therein cited, which is in full accord with *Kenney* v. *Kel-
[3]   leher, supra.*   While it is the better practice to have the
order on the original motion recite that it is made without preju-
dice, or that permission is granted to renew the motion, it will
be found by an examination of the cases cited that, though this
has not been done, and though formal leave has not been granted,

nevertheless, if the renewed motion has been heard and disposed of upon its merits, the presumption attaches that leave was previously granted.   (*Harris* v. *Brown,* 93 N. Y. 390.)

While the motion stood for hearing, did the relators have the [4]   right, under the statute (Rev. Codes, sec. 6315; Laws 1909, Chap. 114), to file the disqualifying affidavit?   It is not necessary to consider whether a defendant who is in default is a "party" within the meaning of the statute.   It may be conceded that by suffering default a party ceases thereafter to be a "party" for most purposes, and that he has no standing in court except to move for relief from the default or to take and prosecute an appeal.   For the purpose of a motion in this behalf, however, he is a party and *pro hac vice* has all the rights of a party.   Under the statute, a party has the right to challenge the presiding judge by imputing to him bias and prejudice, and thus deprive him of the power to hear and determine the "action, motion or proceeding," whatever it is, provided only he exercises his privilege as therein prescribed.   The word "motion," as there used, was considered by this court in *State ex rel. Carleton* v. *District Court,* 33 Mont. 138, 8 Ann. Cas. 752, 82 Pac. 789, and was held to include every motion which may be made in a case, except such as may be made during the progress of a hearing; these latter being necessarily excluded, because it was evidently not the purpose of the legislature to permit the interruption of a hearing during its progress, but to require the party to exercise his privilege before the time set for the hearing.   The relators were clearly within their rights as defined in this case. Upon the filing of the affidavit, Judge Clements was divested of all power to act with relation to the renewed motion, except as permitted by the statute.   In *State ex rel. Carleton* v. *District Court, supra,* it was said of this provision: "Of the wisdom of its [the legislature's] action there may be much doubt or question; but it must not be overlooked that this ground of disqualification stands upon the same level of importance as do the others enumerated, except as to the time when the imputation may be

made, and operates just as effectively, if invoked at the proper time."

It is not necessary to inquire why Judge Clements vacated the [5] order granting the rehearing. Whether he did it because he was of the opinion that it had been improvidently granted, or because the order denying the original motion was not made without prejudice, or did not grant relators leave to renew it, is not now of importance. When the affidavit was called to his attention, he was deprived of jurisdiction to do anything affecting the merits of the pending motion.

Counsel for defendants cite section 6324 of the Revised Codes as conclusive against the right of relators to relief. It has no application. It goes no further than to prohibit a party who has already applied to one judge, who has refused to grant an order in whole or in part, or has granted it conditionally, from applying to another for the same order, save in the exceptional cases therein specifically named. It cannot have, and evidently was not intended to have, application to any motion or proceeding pending for hearing. This case is illustrative of the abuses to which the statute is susceptible. Upon their face, the proceedings in the district court suggest sharp practice by the relators. That it is susceptible of such abuse is not, however, a reason why litigants should be denied any right conferred by it. This is a matter which should be remedied by the legislature, and not this court.

The motion to quash is overruled, and the order complained of is annulled.

*Order annulled.*

MR. JUSTICE SANNER and MR. JUSTICE HOLLOWAY concur.