STATE ex rel. SHERMAN, Relator, *v*. DISTRICT COURT
ET AL., Respondents.

(No. 3,694.)

(Submitted July 1, 1915. Decided September 22, 1915.)

[152 Pac. 32.]

*Certiorari—Taxpayer's Action—County Printing Contract—Intervention—Parties—District Judges—Affidavit of Disqualification—Powers of Judge.*

Taxpayer's Action—Public Contracts—Parties.
    1. To a suit by a taxpayer against the commissioners and clerk of a county brought for the purpose of having the execution of a county printing contract enjoined, the successful bidder was an indispensable party, who, under section 6498, Revised Codes, was rightfully permitted to intervene, and as such party was entitled to file, among other papers, an affidavit disqualifying the district judge for imputed bias and prejudice.

    [As to the law of intervention, see note in 123 Am. St. Rep. 280. As to injunction against illegal acts of municipal corporations, see note in 2 Am. St. Rep. 92.]

District Judges—Affidavit of Disqualification—Powers of Judge.
    2. From the moment an affidavit disqualifying a judge for imputed bias and prejudice was filed by a party to an action, under section 6315, Revised Codes, as amended, the former became powerless to act further in the suit, except to set it for trial, transfer it, or call in another judge to preside in his stead.

Original application by the State, on relation of J. A. Sherman, for a writ of review directed to the District Court of the

Fifteenth Judicial District in and for the County of Rosebud, and others.   Proceedings annulled.

*Messrs. Walsh, Nolan & Scallon* and *Mr. G. A. Horkan,* for Relator.

*Messrs. Loud, Collins, Campbell, Wood & Leavitt,* for Respondents.

MR. JUSTICE SANNER delivered the opinion of the court

On September 26, 1914, the board of county commissioners of Rosebud county, Montana—then composed of Thomas Alexander, Craig Sullenger and J. M. Williams—caused a notice to be published calling for bids for county printing and supplies for the period of two years from and after January 3, 1915. Pursuant to this notice, written bids were submitted by the "Hysham Echo," the "Forsyth Times-Journal," and the "Rosebud Courier," all newspapers of general circulation printed in said county.   These bids were opened on October 10, 1914, the time fixed in the notice, and consideration of the same was continued to October 19, 1914, at which time the board, in regular session assembled, accepted the bid of the "Hysham Echo."

Thereafter, and on November 14, 1914, one J. A. Werner, a taxpayer, filed his complaint in the district court of said county, naming the county commissioners and R. J. Cole, the county clerk, as defendants, in which it was alleged, in substance, that the bid so accepted was not the lowest or best bid, that its acceptance was not for the best interests of the county, that the action of the board was not founded upon an honest consideration of the merits of the bids submitted, but was arbitrary and from improper motives, that the defendants "threaten and are about to sign and execute   *   *   *   a contract with the 'Hysham Echo' " in accordance with its accepted bid, and praying that they be enjoined from so doing.   On this complaint an order to show cause, coupled with a restraining order, was issued by Honorable Charles L. Crum, one of the judges of said court, and served upon the defendants named in the complaint.   There-

after a general demurrer to the complaint and an affidavit by the defendant Alexander, imputing bias and prejudice to Judge Crum, were filed; the latter occurring on December 11, 1914.

On January 20, 1915, J. A. Sherman, the relator herein, who was and is the proprietor of the "Hysham Echo," filed in the Werner suit a petition alleging her interest in the subject matter thereof and praying leave "to intervene as a party defendant," which petition was presented *ex parte* to Honorable George W. Pierson, the other judge of said court, and he, by an order at chambers, on January 27, 1915, granted leave to the relator "to appear in said cause as a party defendant, and to file answer to the complaint, and to do all other things as a party defendant by law provided." Thereafter, and on June 10, 1915, the relator filed and served in Werner's suit a general demurrer to the complaint, a motion to dissolve the restraining order and an affidavit imputing bias and prejudice to Judge Crum; after which, but on the same day, Werner's counsel filed a *praecipe* demanding that the clerk enter the default of relator "for his failure to intervene in accordance with the leave heretofore granted," and this was done.

On the next day—June 11—Werner served on counsel for relator a motion to strike from the files her demurrer, her motion to dissolve, and her affidavit of disqualification. This motion was grounded on the fact that in these papers relator denominated herself a defendant, that she was not a plaintiff or defendant in the action, and that said documents do not singly or collectively constitute an intervention. With the motion was served a notice that the same would be presented for hearing on that day at 2 P. M., though no order shortening the time, nor any showing for such an order, nor any waiver of time was had. Thereafter, and at 2 P. M. of June 11, the following proceedings occurred in open court before Judge Crum: The county attorney who had come into office on January 4, 1915, asked and was given leave to withdraw the affidavit of disqualification made and filed by the defendant Alexander. He then moved to substitute R. W. Blakesley, G. S. Warren and Walter Clark, who

had become commissioners and clerk, respectively, as defendants in place of Alexander, Sullenger and Cole, which was done. He then withdrew the defendants' demurrer to the complaint and refused to further plead. Thereupon the court, Judge Crum presiding, sustained Werner's motion "to strike from the files all papers filed on behalf of J. A. Sherman," entered the default of the commissioners and clerk, heard testimony on behalf of Werner, and entered a judgment. The judgment contains findings to the effect that in accepting the bid of the "Hysham Echo" the board abused its discretion and acted, not fairly or impartially, but fraudulently and in collusion with said bidder, in disregard of the welfare of the taxpaying citizens of the county; and it decrees that the existing board and county clerk be perpetually enjoined "from in any manner recognizing or attempting to recognize any contractual relation whatsoever" with the "Hysham Echo" as the result of the acceptance of its bid.

Neither the relator nor her counsel was present or represented at any of the proceedings had on June 11, but she, in consequence of the facts above narrated, thereafter applied to this court for a writ of review or supervisory control, as might be most appropriate, to annul the same. Upon a citation and the record as certified to this court responsive to the writ of review, the matter was heard and submitted; and on July 7, we entered a final order annulling the judgment complained of and all the proceedings in Werner's suit anterior to the judgment and subsequent to the filing therein by the relator of her affidavit of disqualification, stating that the opinion of this court would follow at our convenience.

Several reasons might be assigned for the conclusion announced, [1] but the following will suffice: Whether contractual relations arose between the relator and the county of Rosebud in consequence of the acceptance of her bid by the duly elected and acting board of county commissioners of that county, and whether such relations, if created, should be canceled or annulled for the reasons assigned in Werner's complaint or in the judg-

ment before us, were matters upon which she was entitled to be heard and which could not be determined behind her back. She was, therefore, not only a proper, but an indispensable, party to the Werner suit (*Wright* v. *Commissioners*, 6 Mont. 29, 9 Pac. 543; *State ex rel. Gibson* v. *Stewart*, 50 Mont. 404, 147 Pac. 276), and the order of Judge Pierson bringing her into the case as a defendant was clearly authorized. (Rev. Codes, sec. 6498.) This being true, the right of the relator prior to a default properly entered to file a general demurrer to Werner's complaint, or a motion to dissolve the restraining order issued thereon, or an affidavit disqualifying Judge Crum, or all of such papers, as she did do, cannot be open to question, and from the moment such [2] affidavit was filed Judge Crum became powerless to act further in the suit, save to set it for trial, to transfer it, or to call in another judge to preside in his stead. (*State ex rel. Goodman* v. *District Court,* 46 Mont. 492, 128 Pac. 913.)

It follows that all the proceedings had and done by him on June 11, 1915, including the judgment in question, were and are null and void.

Mr. Chief Justice Brantly and Mr. Justice Holloway concur.