STATE EX REL. McKENNAN, RELATOR, v. DISTRICT COURT
ET AL., RESPONDENTS.

(No. 5,434.)

(Submitted December 18, 1923. Decided January 11, 1924.)

[222 Pac. 426.]

*Supervisory Control—Executors and Administrators—Special Administrators—Preference to Appointment—Wills—Judgments—Correctness—Presumptions.*

Special Administrators—Preference to Appointment—Rule.

1. Where a will, valid on its face, names an executor and it becomes necessary to appoint a special administrator of the estate, preference should be given to the person named as executor, and where an executor is not named in the will, the court should give like preference to the person entitled to letters of administration.

Same — Preference of Executor Named in Will — Applicant must Show Will *Prima Facie* Valid.

2. Where one seeks appointment as a special administrator solely on the ground that he was named in a will as executor, he must make a showing to the court that there is a *prima facie* valid will in which he was named as such.

Judgments—Conclusive Between Parties Until Set Aside or Reversed.

3. The judgment of a court in any matter connected with a cause wherein the same was rendered is binding upon the court, and conclusive between the parties to the litigation so long as it has not been set aside on motion for a new trial or reversed on appeal.

Same—Correctness—Presumption.

4. Until a judgment is reversed it is presumed to be a correct judicial determination of the rights of the parties.

Special Administrators—Judgment Setting Will Aside Defeats Named Executor's Right to Preference Right to Appointment.

5. Where the will in which an applicant for appointment as special administrator had been named as executor and under which he claimed preference to the appointment (par. 1) had been declared invalid for lack of mental capacity in its maker, there was no longer any will under which he could claim preference, and refusal to make the appointment was not reviewable on writ of supervisory control.

Original application for writ of supervisory control by the State, on the relation of Samuel McKennan, against the District Court of the Third Judicial District in and for Powell County and its Judge. Dismissed.

*Messrs. Gunn, Rasch & Hall* and *Messrs. Scharnikow & Paul,* for Relator, submitted a brief and one in reply to that of Respondents; *Mr. M. S. Gunn* argued the cause orally.

*Mr. W. B. Rodgers, Mr. H. W. Rodgers* and *Mr. S. P. Wilson,* for Respondents, submitted a brief; *Mr. W. B. Rodgers* and *Mr. Wilson* argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

This is an application for a writ of supervisory control. It appears from relator's petition that on the eighth day of July, 1922, the last will and testament of John N. W. Bielenberg was admitted to probate in the district court of Powell county and letters testamentary were issued to him, he being named in said will as the executor thereof, and that thereupon he took charge and possession of the property of the said deceased; that within one year after the will was admitted to probate and such letters testamentary issued, Charles P. H. Bielenberg and Nicholas J. Bielenberg, brothers of the deceased, filed their complaint or petition contesting the validity of the will upon the grounds that John N. W. Bielenberg was not at the time of making the same of sound or disposing mind, and that it was executed under undue influence and fraud, and praying that the probate thereof be revoked; that issues were joined upon the allegations of said petitioners, a jury trial had, and on the twenty-fourth day of November, 1923, the jury rendered its finding and verdict to the effect that the said John N. W. Bielenberg was incompetent to make a will at the time of the execution of the instrument which had theretofore been admitted to probate; that on said day a judgment was rendered in accordance with said verdict, declaring said will invalid for the reason that said John N. W. Bielenberg was incompetent at the time of the execution of the same, revoking the probate of said will, and also revoking the letters testamentary theretofore issued to relator; that on the thirtieth day of November, 1923, the relator and other defendants in said contest proceedings served their notice of intention to

move for a new trial; that on said day, and after the filing of said notice of intention to move for a new trial, an application, based upon a request made and filed by Charles P. H. Bielenberg and Nicholas J. Bielenberg, was made for the appointment of W. F. Gullette and Arthur J. Lochrie as special administrators of said estate; and that thereupon the relator presented and filed his application for appointment as special administrator of said estate, and objections to the appointment of said W. F. Gullette and Arthur J. Lochrie, or any other person, a copy of which said petition and objections is attached to relator's petition herein, from which it appears that relator's application was based upon the records and files in the matter of said estate, including the petition for the probate of the will of said deceased, the order admitting said will to probate and appointing Samuel McKennan executor thereof, and directing that letters testamentary be issued to him as such, the oath of said relator as executor, the inventory and appraisal of the property of said estate, the report and account of said relator as such executor, the judgment revoking the probate of said will and revoking the appointment of said relator as executor, the notice of intention to move for a new trial and an affidavit of said relator wherein he claims to be better qualified than others to handle said estate.

The sole ground of objection to the appointment of W. F. Gullette and Arthur J. Lochrie, stated in the petition of relator, was that he (relator) had the preferential right to such appointment by reason of having been named executor in the will so admitted to probate. The petition of relator further alleges that, notwithstanding his application to be appointed special administrator, the district court overruled the same, and overruled his objections to the appointment of W. F. Gullette and Arthur J. Lochrie, and designated said persons as special administrators of the estate.

Relator also states that he intends to prosecute an appeal to the supreme court from the judgment, and that he has obtained an order granting additional time in which to prepare a bill of exceptions, and that the said W. F. Gullette and

Arthur J. Lochrie threaten to, and will, unless the order appointing them is annulled by the court, demand of the relator the delivery to them and the control of the property of said estate, and that the relator has no plain, speedy or adequate remedy in the ordinary course of law.

Upon the filing of the petition an order was issued directed to the district court of the third judicial district of the state of Montana, in and for the county of Powell, and to George B. Winston, the judge thereof, requiring them to show cause why the relator should not have the relief prayed for. In response thereto the respondents have filed their demurrer or motion to quash, upon the ground that the petition does not state facts sufficient to entitle the relator to the relief demanded, and likewise that said petition shows affirmatively upon the face thereof that the said relator is not entitled to a writ of supervisory control, or any other remedial writ, requiring the district court, or the judge thereof, to do the things, or any of the things, demanded in relator's petition.

The only matter presented for determination is whether, upon [1] the facts as presented to the district court, it was required to appoint relator as special administrator of said estate in preference to Gullette and Lochrie, the nominees of the brothers of the deceased.

Section 10107, Revised Codes of 1921, amongst other things says that, when an executor is suspended or removed, the court or judge must appoint a special administrator to take charge of the estate and exercise such powers as may be necessary for its preservation.

Section 10108 provides: "The appointment may be made at any time, and without notice. * * * " And section 10109 reads: "In making the appointment of a special administrator, the court or judge must give preference to the person entitled to letters testamentary or of administration, but no appeal must be allowed from the appointment."

There can be no doubt but that the intent of the sections above quoted is, where there is a will valid on its face naming an executor, to require the court or judge in appointing a

special administrator to give preference to the person named as executor, and where there is a will, and no executor is named therein, to give preference to the person entitled to letters of administration. Such was the holding of this court in *State ex rel. Cotter* v. *District Court*, 49 Mont. 146, 140 Pac. 732, and *In re Williams' Estate*, 55 Mont. 63, 1 A. L. R. 1639, 173 Pac. 790.

In the *Cotter Case* there was a will with no one named as executor thereof, and the question involved was whether the husband of the deceased was entitled to administer the estate, and therefore entitled to be special administrator, pending a contest of said will instituted by such husband of the deceased, before probate, in preference to the father of the deceased, who was sole legatee under the will. The court said: "Upon the assumption that he is the surviving husband of the deceased, and legal cause was shown for the appointment of a special administrator, * * * the relator [husband] was *prima facie* entitled to the appointment." It cannot be controverted that under the express language of section 10068, Revised Codes of 1921, the husband was in any event *prima facie* entitled to letters of administration, and therefore, pending the contest, entitled to be special administrator, if one were necessary.

In the *Williams Case* the special administrator had been appointed under the following circumstances: Davis had been named executor in the last will and testament of Rachel Williams. When this will was filed for probate, the validity of the same was contested prior to any judgment admitting it to probate. Thereupon Davis applied for letters of administration pending the contest. No objection was made to his appointment, and he was, by virtue of being named as executor in the contested will, appointed special administrator of the estate, and was permitted to serve in such capacity during the entire course of the litigation. The will being *prima facie* valid, the contest not having been filed prior to his appointment, it appeared that Davis was *prima facie*, at least, entitled

to letters testamentary, and it was therefore proper for the court to make such appointment.

It thus appears that in each of these cases there was a will [2] which was *prima facie* valid at the time the special administrator was appointed. We conceive that in any case, when one seeks appointment as a special administrator solely on the ground that he is named as executor in a will, he must make a showing to the court that there is *prima facie* a valid will, and in the instant case, in order to establish the fact that he was entitled to be appointed as special administrator under the above-quoted sections, it was incumbent on relator to show to the court that at the time he made his application, on November 30, 1923, there was a will presumptively valid, in which he was named as executor.

As disclosed in the foregoing statement of facts, all the pro-[3] ceedings mentioned in relator's petition have to do with but one cause pending in the district court of Powell county, entitled "In the Matter of the Estate of John W. N. Bielenberg, Deceased." In that cause the will was admitted to probate and the relator appointed executor; also in that cause the probate of the will was annulled, and the relator's appointment as executor was revoked; and likewise in that cause relator filed his petition for appointment as special administrator. With his application for appointment as special administrator the relator presented to the court various proceedings in said cause, including the judgment of the court entered therein on October 24, 1923, declaring that the alleged will of John W. N. Bielenberg, under which relator had theretofore been appointed as executor, was a nullity—that the same was of no more legal effect than as though it had never been made. Relator was a party to the proceeding in which that judgment was rendered, and is bound by it. The judgment of a court in any matter connected with a cause wherein the same was rendered is binding upon the court, and conclusive between the parties to the litigation, so long as the same has not been set aside on motion

for a new trial or reversed on appeal. (*State ex rel. Working* v. *District Court,* 50 Mont. 435, 147 Pac. 614.)

Every presumption is in favor of the correctness of the judg-
[4] ment. (*Haley* v. *McDermott,* 45 Mont. 217, 121 Pac. 1060.) And until the same is reversed it is presumed to be a correct judicial determination of the rights of the parties. (*Jenner* v. *Murphy,* 6 Cal. App. 434, 92 Pac. 405.)

In his application for appointment as special administrator, relator, in support thereof brought the judgment declaring the will invalid, revoking its probate, canceling his letters testamentary, and removing him as executor, before the court. While this showing disclosed the necessity for the appointment of a special administrator, it also disclosed that as the matter then stood there was no will, and consequently that neither relator nor any other person was entitled *prima facie* to letters testamentary.

The counsel for relator, in an able presentation of their con-
[5] tentions, argue that, while it is true there is a judgment revoking the probate of the will, the time for appeal from such judgment has not expired, the action is still pending, and the judgment is not even evidence of the invalidity of the will, in view of section 9821, Revised Codes of 1921, which reads as follows: "An action is deemed to be pending from the time of its commencement until it is finally determined upon appeal, or until the time for appeal has passed unless the judgment is sooner satisfied." But, as above pointed out, the relator was a party to the proceeding in which this judgment was rendered, and as such he is bound thereby until the same is set aside on motion for a new trial or reversed on appeal. Moreover, having voluntarily brought the judgment before the court, relator is not now in a position to say that the court could not consider and give effect to it for all purposes connected with his application.

For the reasons above indicated, we conclude that the relator's position herein does not state facts entitling him to the

relief sought; that the demurrer thereto should be sustained and the proceeding dismissed, and it is so ordered.

*Dismissed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY and GALEN concur.

Rehearing denied January 30, 1924.