STATE ex rel. PERRY, Relator, *v.* DISTRICT COURT
ET AL., RESPONDENTS.

(No. 6,412.)

(Submitted October 15, 1928. Decided December 5, 1928.)

[272 Pac. 553.]

Cause submitted on brief of Relator.

*Mr. John A. Shelton* and *Mr. H. J. Freebourn,* for Relator.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

On July 30, 1928, the presiding judge of department No. 2 of the district court of Silver Bow county made an order, on a complaint that day filed for the purpose of having certain property of a defunct corporation sold and the proceeds distributed among the stockholders, which recites that, upon the plaintiff in the action filing an undertaking to protect the defendant corporation from damages, a party named ''be and he is hereby appointed receiver'' of the property, the appointment to become effective on the receiver filing the customary oath and a bond in the sum of $2,000.

The appointee filed his oath on August 11 following and at some time tendered some sort of bond, but nothing further had been done when, on September 11, plaintiff filed an affidavit disqualifying the presiding judge, which affidavit was called to the court's attention on September 22; whereupon the judge made and caused to be entered in the minutes of the court an order ''annulling and setting aside the incomplete order appointing a receiver'' and rejecting the bond tendered, without prejudice to a further application, which order further recites: ''And an affidavit disqualifying said judge of this department having been filed, * * * this court calls in the Honorable Jeremiah J. Lynch, of department No. 3 of this court, and orders the cause transferred to said department for all further action and proceedings.''

Thereafter, on application of plaintiff, this court issued a writ of review, returnable October 15, 1928, at which time respondents certified to us the record in the above action and, in addition thereto, filed an answer in attempted justification.

The so-called answer cannot be considered, as the record, duly certified, constitutes the only permissible return to the writ of certiorari. (*State ex rel. First T. & S. Bank* v.

*District Court,* 50 Mont. 259, 146 Pac. 539; *State ex rel. Sell* v. *District Court,* 52 Mont. 457, 158 Pac. 1018.)

As the return shows that the presiding judge was duly disqualified prior to that date, his order of September 22, in so far as it attempted to annul the appointment of the receiver, was null and void, since he lost jurisdiction to make any order in the action, other than to set it for trial, call in another judge, or transfer it, on the filing of the affidavit disqualifying him. (Sec. 8868, Rev. Codes 1921; *State ex rel. Sherman* v. *District Court,* 51 Mont. 220, 152 Pac. 32; *State ex rel. Working* v. *District Court,* 50 Mont. 435, 147 Pac. 614.)

The order of September 22, 1928, is annulled in so far as it attempts to revoke the appointment of the receiver and reject the tendered bond.

*Order annulled.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES STARK, MYERS and GALEN concur.