STATE ex rel. RALPH BELLON, Relator, v. DISTRICT
COURT of the FOURTH JUDICIAL DISTRICT, IN AND
FOR the COUNTY OF LAKE, EMMET GLORE, a Judge
thereof, Respondents.

No. 10447.
Submitted May 22, 1962. Decided July 12, 1962.
373 P.2d 314.

J. A. Turnage, Polson, Murphy, Robinson & Keller, Robert
Keller, Kalispell (argued orally), for relator.

Rockwood & Sykes, Kalispell, Robert C. Sykes (argued
orally), Ralph J. Anderson, Helena (argued orally), for re-
spondents.

MR. JUSTICE JOHN C. HARRISON, delivered the Opinion
of the Court.

This is an original application for a writ of review by the
state, on the relation of Ralph Bellon, against the district court
of the fourth judicial district, in and for the County of Lake
to annul an order quashing an affidavit of disqualification and
an order granting a new trial.

Briefly, it appears from the record that on March 20, 1962,
a cause entitled "Dorothea Oldenburg v. Ralph Bellon," being

at issue, was heard before the Hon. Emmet Glore, one of the respondents herein, sitting with a jury. On March 24, 1962, the cause was submitted to the jury for deliberation and a verdict in favor of the defendant, Ralph Bellon, relator herein, was returned.

On March 27, 1962, the relator, through his counsel, filed with the clerk of the district court an affidavit, stating that he believed and had reason to believe, that he could not have "a fair and impartial hearing of said action including hearings on motions for new trial pertaining to said cause," by reason of the bias and prejudice of the said judge, before whom the cause was pending, and asked that another judge be invited in to hear and determine such cause.

On April 2, 1962, the plaintiff, Dorothea Oldenburg, filed a motion to quash the affidavit of disqualification and a motion for a new trial. On April 11, 1962, a hearing was held on the motions before the judge, and, on April 18, 1962, orders granting the motions were issued.

On April 29, 1962, application was made to this court for a writ of review on the ground that the above orders were made by the judge without or in excess of his jurisdiction. The writ was issued and in response thereto the record was certified to this court.

The issue presented for our determination is whether a trial judge may be disqualified after the return of a verdict and before the motion for a new trial has been made, under the new Rules of Civil Procedure.

The respondents contend that "the new Rules of Civil Procedure do not give the defendant this right of disqualification during the 10-day period after entry of judgment" because: (1) the relator (defendant) made a motion for a directed verdict under Rule 50, Montana Rules of Civil Procedure (hereinafter referred to as M.R.Civ.P.), "and by so doing the trial judge was given sole jurisdiction for 10 days from the reception of the verdict;" and, (2) "Rule 59 reposes in the trial judge

plenary power and rights to amend and alter a judgment, including the right to grant a new trial."

Rule 50(b), M.R.Civ.P. (R.C.M.1947, § 93-2706-13), which is identical to Federal Rule 50(b), 28 U.S.C.A., provides:

"Whenever a motion for a directed verdict made at the close of all the evidence, is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Within 10 days after the reception of a verdict, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict; or if a verdict was not returned such party, within 10 days after the jury has been discharged, may move for judgment in accordance with his motion for a directed verdict. A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative. If a verdict was returned the court may allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed. If no verdict was returned the court may direct the entry of judgment as if the requested verdict had been directed or may order a new trial."

Rule 59 M.R.Civ.P. (R.C.M.1947, §§ 93-2707-6, entitled "New trials; amendment of judgments" provides:

"(a) *Grounds*. A new trial may be granted to all or any of the parties and on all or part of the issues for any of the reasons provided by the statutes for the state of Montana. On motion for a new trial in an action tried without a jury, the court may take additional testimony, amend the findings of fact and conclusions of law or make new findings and conclusions, set aside, vacate, modify or confirm any judgment that may have been entered or direct the entry of a new judgment.

"(b) *Time for Motion*. A motion for a new trial shall be

served not later than 10 days after service of notice of the entry of the judgment.

"(c) *Time for Serving Affidavits.* When a motion for new trial is based upon affidavits they shall be served with the motion. The opposing party has 10 days after such service within which to serve opposing affidavits, which period may be extended for an additional period not exceeding 20 days either by the court for good cause shown or by the parties by written stipulation. The court may permit reply affidavits.

"(d) *On Initiative of Court.* Not later than 10 days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party, and in the order shall specify the grounds therefor.

"(e) *Motion to Alter or Amend a Judgment.* A motion to alter or amend the judgment shall be served not later than 10 days after service of notice of the entry of the judgment."

Rule 59, M.R.Civ.P., is identical to Federal Rule 59, except that subdivision (a) was rewritten to adapt it to state practice and the phrase "service of notice of" was added in subdivisions (b) and (e).

Neither of the rules above-quoted deal with the disqualification of a trial judge nor was it intended that they should. Federal Rule 63 governs disqualifications in Federal Courts. Federal Rule 63 was not adopted by the Montana Legislature due to the existing Montana disqualification statute, R.C.M.1947, § 93-901, which was neither superseded nor repealed by the adoption of the new Montana Rules of Civil Procedure. This is evidenced by the fact that the legislature amended section 93-901 subsequent to the adoption of such rules.

Section 93-901, R.C.M.1947, as amended, provides:

"Any justice, judge, or justice of the peace must *not* sit or act as such in any action or proceeding: * * *

"4. *When either party makes and files an affidavit as hereinafter provided, that he has reason to believe, and does believe,*

*he cannot have a fair and impartial hearing or trial before a district judge by reason of the bias or prejudice of such judge.* Such affidavit may be made by any party to an action, motion, or proceeding, personally, or by his attorney or agent, and shall be filed with the clerk of the district court in which the same may be pending. In any judicial district having only one judge the affidavit of disqualification with reference to any action or proceeding to be tried before a jury must be filed at least one day before the day appointed or fixed by the court for setting the trial calendar; provided, however, this limitation shall not apply unless notice of such setting date shall be given to all parties by the clerk of the district court at least fifteen (15) days prior thereto. In all other cases *the affidavit must be filed at least five days before the day appointed or fixed for the hearing or trial of any such action, motion, or proceeding* (provided such party shall have had notice of the hearing of such action, motion, or proceeding for at least the period of five days and in case he shall not have had notice for such length of time, he shall file such affidavit immediately upon receiving such notice). *Upon the filing of the affidavit, the judge as to whom said disqualification is averred shall be without authority to act further in the action, motion, or proceeding,* but the provisions of this section do not apply to the arrangement of the calendar, the regulation of the order of business, the power of transferring the action or proceeding to some other court, nor to the power of calling in another district judge to sit and act in such action or proceeding, providing that no judge shall so arrange the calendar as to defeat the purposes of this section. No more than two judges can be disqualified for bias or prejudice, in said action or proceeding, at the instance of the plaintiff, and no more than two at the instance of the defendant, in said action or proceeding, and this limitation shall apply however many parties or persons in interest may be plaintiffs or defendants in such action or proceeding. * * *'' (Emphasis supplied.)

The respondents contend that a disqualification in this case

would deprive the plaintiff, Dorothea Oldenburg, for all practical purposes, of any recourse or relief, since the judge is the only one who is fully apprised of the proceedings below.

This contention has nothing to do with the new Rules, and is governed by existing case law. That a disqualification may properly be made between the judgment and the motion for new trial has been decided by this court in Russell v. Sunburst Refining Co., 83 Mont. 452, 272 P. 998; Hill v. Nelson Coal Co., 40 Mont. 1, 104 P. 876; and State ex rel. Carleton v. District Court, 33 Mont. 138, 82 P. 789.

For the foregoing reasons, we hold that the relator had a right to file the affidavit of disqualification in the case of "Dorothea Oldenburg v. Ralph Bellon" and that the said judge was thereby compelled to disqualify himself and call in another judge to preside in such cause. The court therefore, was without jurisdiction to quash the affidavit of disqualification or grant the motion for new trial. It is so ordered.

The cause is remanded to the district court with instructions to vacate and set aside the order hereinbefore referred to and for further proceedings not inconsistent with this opinion.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR, DOYLE and CASTLES concur.