The STATE OF MONTANA ex rel. WINETTA CLINE and DONALD H. CLINE, Relators v. The DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT of the State of Montana, in and for the COUNTY OF MISSOULA and the HONORABLE E. GARDNER BROWNLEE, one of the Judges thereof, Respondents.

No. 10600

Submitted June 12, 1963. Decided August 5, 1963.

Rehearing denied September 4, 1963.

384 P.2d 490

Harold L. Garnaas (argued), Thomas F. Murray (argued), Missoula, for appellants.

E. Gardner Brownlee (argued), Donovan Worden, Jr. (argued), Missoula, for respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an original proceeding wherein on May 29, 1963, a petition for an appropriate writ was filed with this court and heard ex parte. From the petition it appeared that on May 10, 1963, judgments were entered against the Coca-Cola Bottling Co. of Missoula, Montana, and Robert E. Teal, in favor of relator plaintiffs upon jury verdicts returned on May 9, 1963, following a jury trial.

On May 15, 1963, relators filed affidavits of disqualification against the district judge. On May 16, 1963, defendants filed motions for new trials. On May 24, 1963, the district court entered an order quashing the affidavits of disqualification and granting defendants' motion for a new trial in cause No. 24905, the action wherein Donald H. Cline was plaintiff, denying new trial in cause No. 24907, wherein Winetta Cline was plaintiff.

Relators further alleged that the order quashing the affidavits of disqualification and granting the new trial were in excess of jurisdiction and that there exists no appeal from the order quashing the affidavits of disqualification and no plain, speedy and adequate remedy at law.

This court issued an order to show cause, returnable on June 11, 1963, later reset for June 12. Upon the return day the dis-

trict judge appeared in response to the order, as well as counsel for the relators, and the matter was argued and submitted.

Relators contend that the case of State ex rel. Bellon v. District Court, 140 Mont. 447, 373 P.2d 314, is controlling.

Respondent court contends that the disqualification statute is unconstitutional, that its use is being abused, and that the Bellon opinion is too broad and should be modified.

■ Turning to the statute, section 93-901, R.C.M.1947, respondent points out that the portion thereof in question here was originally adopted at a special session of the Legislature convened on December 1, 1903, and the purpose of the amendment at that time was to secure prompt trial of cases within the judicial district where they were pending or to have them transferred to another judicial district. Immediately following adoption of this measure, and a companion measure providing for change of venue, they were challenged upon constitutional grounds in an original proceeding seeking a writ of prohibition in this court in State ex rel. Anaconda Copper Mining Co. v. Clancy, 30 Mont. 529, 77 P. 312, and there the Acts were held to be constitutional. While respondent in the instant proceeding refers to the language used in the opinion of the court on that occasion as demonstrating the court's feeling that the extreme limits of legislative authority were reached in enacting the measure, it must be remembered that the Act then provided that five district judges might be disqualified by each side, which could if all were used lead to disqualification of two-thirds of all the district judges then existing in the state, and it was comparing the fact that the Act stood out in striking contrast with similar statutes of ten states which limited the disqualification to but one judge which brought from the court this statement in its opinion. This extreme liberality was restricted at the 11th Session of the Legislature in 1909 when the Act was amended to provide no more than two judges could be disqualified at the instance of the plaintiff and no more than two at the instance of the defendant in any action or proceed-

ing, as the law remains to this day. It is still the view of this court that the Act is constitutional.

Respondent further challenges this statute on the ground that by reason of its abuse its use should be restricted by this court. The matter of abuses has been before this court on other occasions. In 1915 in State ex rel. Working v. District Court, 50 Mont. 435, 147 P. 614, with respect to the Act it was stated:

"* * * This case is illustrative of the abuses to which the statute is susceptible. Upon their face, the proceedings in the district court suggest sharp practice by the relators. That it is susceptible of such abuse is not, however, a reason why litigants should be denied any right conferred by it. This is a matter which should be remedied by the Legislature, and not this court."

Again in State ex rel. Carroll v. District Court, 50 Mont. 506, 508, 148 P. 312, 313, in its opinion the court stated:

"That a right may be conferred by statute, that, when so conferred, it is entitled to judicial recognition, that such recognition cannot be withheld, nor the right abridged because it is subject to abuse, and that subdivision 4 of section 6315, Revised Codes, as amended [1907, now section 93-901, R.C.M.1947], is such a statute, and confers such a right, are propositions too well settled for discussion. State ex rel. Working et al. v. District Court, 50 Mont. 435, 147 Pac. 614; State ex rel. First Trust & Sav. Bank v. District Court, 50 Mont. 259, 146 Pac. 539; Washoe Copper Co. v. Hickey, 46 Mont. 363, 128 Pac. 584; State ex rel. Carleton v. District Court, 33 Mont. 138[8 Ann.Cas. 752], 82 Pac. 789."

We find no case in this jurisdiction which has held to the contrary. We concede there is merit to the position of respondent with respect to abuses of the disqualification privilege. However, the right has become an integral part of the practice in our state, and we have a long line of precedent established by previous opinions of this court. The statute was enacted be-

cause of certain abuses and was designed to correct them. In practice it has led to other abuses, but weighing one against the other would appear to us to be a legislative function.

The procedural situation existing here is that the judgment was entered on May 10, 1963. The affidavits of disqualification were filed on May 15, 1963, and on May 24, 1963, the order granting the new trial was entered. Respondent contends that if Rule 59(d), M.R.Civ.P., is given any force or effect no disqualifying affidavit should deprive the court on its own initiative of granting a new trial. In State ex rel. Bellon, supra, we expressed ourselves to the effect that section 93-901 was neither superseded nor repealed by the adoption of the new Montana Rules of Civil Procedure. The situation prevailing there, and likewise in the instant case, is that no new trial was granted by the court on its own initiative within the ten day period after entry of judgment, in both instances they were granted later and following the filing of motions for new trial. We have given careful thought and study to our ruling in the Bellon case and are now convinced that it should be modified. If we are to give force and effect to the new Montana Rules of Civil Procedure we must recognize that jurisdiction is retained by the court under Rule 59(d) for a period of ten days after entry of judgment, during which period the court on its own initiative may order a new trial in accordance with the Rule. The purpose of Rule 59 is to give a trial judge power to prevent what he considers a miscarriage of justice. When it is granted on the court's own initiative it must be for a reason for which it might have been granted on motion of a party, and the court must further in its order specify the grounds therefor.

This modification of our holding in the Bellon case would have made no difference in the result there because the new trial was not granted by the court within the ten day period on its own initiative. Nor will it aid respondent court here since

a like situation exists, it did not grant the new trial on its own initiative within the ten day period.

The respondent court not having acted under the provisions of Rule 59(d) its order exceeded its jurisdiction and must be set aside and annulled.

It is therefore ordered that the order of respondent court dated May 24, 1963, quashing the affidavits of disqualification and granting defendants' motion for new trial in cause No. 24905, and denying such a motion in cause No. 24907, is set aside and annulled and cause Numbered 24905, Donald H. Cline, plaintiff, v. Coca-Cola Bottling Company of Missoula, Montana, and Robert E. Teal, defendants, and cause No. 24907, Winetta Cline, plaintiff, v. the same defendants, are remanded to the respondent court with instructions to proceed under the provisions of section 93-901, by calling in another judge to consider the motions for new trial filed by the defendants in both actions.

MR. JUSTICES CASTLES, JOHN C. HARRISON and DOYLE, concur.

MR. JUSTICE ADAIR:

I concur in the result, but not in all that is said in the foregoing majority opinion.