WARREN C. HEEN, Plaintiff and Respondent, *v.* WILLIAM
R. TIDDY, Defendant and Appellant.

No. 11385.
Submitted April 1, 1968. Decided June 7, 1968.
442 P.2d 434.

Keller, Magnuson & Reynolds, and Glenn Drake, Paul F. Reynolds (argued), Helena, for appellant.

Hughes, Bennett & Lysaght, Michael J. Hughes (argued), Helena, for respondent.

MR. JUSTICE JOHN C. HARRISON delivered Opinion of the Court.

This is an appeal from an order granting a new trial to the plaintiff, such trial to be limited to the issue of damages only. The order was entered in the district court at Helena, Lewis and Clark County, Montana, the Honorable Victor H. Fall presiding, sitting with a jury.

On the 9th of October, 1965, a group of boys from Helena were camping out in an area known as Lump Gulch, south of Helena; both of the parties in this action were supervising this camp-out. Defendant left the campsite in the evening and went to Helena to attend a going-away party for one of his friends. While at this party he consumed one cocktail and then returned to the campsite at about 10:30 P.M.

When the defendant returned the boys were in bed and the plaintiff and the defendant decided to go someplace and get something to eat. The two men entered the car of the defendant and with the defendant driving they went to Ting's Bar in Jefferson City, where each of them drank two bottles of beer. They then went on to the Owl Bar in Boulder, where they each had another bottle of beer. They then decided to go to the Diamond S. Ranchotel south of Boulder, so re-entered the car and set off with the defendant driving. At about 12:00 midnight, about one-half mile south of Boulder, the car missed a turn, left the road, struck the shoulder of an intersecting road, bounced over it and came to rest in the borrow pit. The car did not

overturn. As a result of the accident the plaintiff received the injuries which are the basis of this action.

The trial commenced on May 29, 1967, and concluded on June 1, 1967.

On June 6, 1967, the trial court entered an order granting the plaintiff a new trial "upon the grounds of inadequacy of the verdict awarded by the jury to the plaintiff," in spite of the fact there are no such grounds for such an order in § 93-5603, R.C.M.1947.

On the next day, apparently recognizing the error, the trial court made another order granting the new trial "upon the grounds of insufficiency of the evidence to justify the verdict in that the verdict awarded by the jury to the plaintiff is wholly inadequate." This order of June 7, 1967, was ordered to be filed nunc pro tunc as of June 6, 1967.

There then follows a third order of June 8, 1967, amending the order of June 7, which was to be filed nunc pro tunc as of June 6, to provide that in the new trial the sole issue to be presented to the jury was to be the question of damages, the issue of liability having been decided in the trial theretofore had. From these orders the defendant has appealed. He assigns as error these orders of the district court granting a new trial.

Rule 59(a) of the Montana Rules of Civil Procedure, gives the trial judge discretion to grant a new trial on all or part of the issues in a case. Rule 59, M.R.Civ.P., provides:

"New Trials; Amendment of Judgments. (a) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues for any of the reasons provided by the statutes of the State of Montana. On motion for a new trial in an action tried without a jury, the court may take additional testimony, amend the findings of fact and conclusions of law or make new findings and conclusions, set aside, vacate, modify or confirm any judgment that may have been entered or direct the entry of a new judgment.

"(d) On Initiative of Court. Not later than 10 days after

entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party. After giving the parties notice and an opportunity to be heard on the matter, the court may grant a motion for a new trial, timely served, for a reason not stated in the motion. In either case, the court shall specify in the order the grounds therefor.''

This Court in State ex rel. Cline v. District Court, 142 Mont. 278, 384 P.2d 490 (1963), said: ''If we are to give force and effect to the new Montana Rules of Civil Procedure, we must recognize that jurisdiction is retained by the court under Rule 59(d) for a period of ten days after entry of judgment, during which period the court on its own initiative may order a new trial in accordance with the Rule. The purpose of Rule 59 is to give a trial judge power to prevent what he considers a miscarriage of justice. When it is granted on the court's own initiative it must be for a reason for which it might have been granted on motion of a party, and the court must further in its order specify the grounds therefor.''

Here, judgment was entered on June 2, 1967, the judge had until June 12, 1967, to grant a new trial on his own motion. The filing of the disqualification on June 6, 1967, did not deprive him of his power.

This is a typical guest injury case which requires a showing to the jury of not ordinary negligence but gross negligence in order that they find for the plaintiff. The duties owed a guest by the driver are governed by §§ 32-1113-1115, R.C.M.1947. The substance of these provisions is that the guest assumes, as between himself and the driver, the ordinary negligence of the driver. Thus, in order for the driver to be liable in damages to the guest, his actions must be those which are termed ''grossly negligent''.

This Court has defined gross negligence as the ''failure to use slight care.'' Batchoff v. Craney, 119 Mont. 157, 172 P.2d 308. It has also said that the question of whether one is

guilty of gross negligence is one for the jury (Carter v. Miller, 140 Mont. 426, 372 P.2d 421); the question should not be withdrawn from the jury when reasonable men might draw different conclusions from the evidence.

We have carefully examined the evidence and we find that under the facts and circumstances in this case all reasonable men could not agree whether or not this accident, and the resultant injuries to the plaintiff were caused by the grossly negligent operation of the defendant's car or whether, under the circumstances set forth here, the plaintiff assumed the risk of going into a car driven by a man who had had several drinks. This was a question for the jury.

Since, as we have heretofore found, there was only at best conflicting evidence, the court abused its discretion in granting a new trial and the orders of June 6, June 7, and June 8, 1967, purporting to grant such a new trial are hereby annulled and held for naught.

Each party to bear their own costs on this appeal.

MR. CHIEF JUSTICE JAMES T. HARRISON, and JUSTICES HASWELL, ADAIR and CASTLES, concur.