No. 12396

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

KAREN RUSK,

Plaintiff and Appellant,

-vs-

ELOISE P. SKILLMAN,

Defendant and Respondent.

---

Appeal from: District Court of the First Judicial District,
Honorable Gordon R. Bennett, Judge presiding.

Counsel of Record:

For Appellant:

Berger, Anderson, Sinclair and Murphy, Billings,
Montana.
Arnold Berger argued, Billings, Montana.

For Respondent:

Pedersen and Herndon, Billings, Montana.
Donald Herndon argued, Billings, Montana.

---

Submitted: May 31, 1973

Decided: JUL 2 4 1973

Filed: JUL 2 4 1973

Thomas J. Kearney

Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is a guest passenger personal injury action against the driver of the automobile in which plaintiff was a passenger tried in the district court of Broadwater County. The court on August 9, 1972, ordered dismissed the claim against defendant Carlton Sherwood, by stipulation of all parties. On September 22, 1972, the court made findings of fact and conclusions of law and entered judgment for defendant Eloise Skillman. From that judgment plaintiff Karen Rusk appeals.

From the trial record it appears the automobile accident which is the subject of this litigation occurred on June 21, 1969, at about 1:00 p.m. on U.S. Highway 12 near the west end of the Missouri River bridge, approximately one mile northwest of Townsend, Montana.

The morning of June 21, 1969, Eloise Skillman and Karen Rusk left their respective homes in Livingston and proceeded in Miss Skillman's car to Helena by way of Townsend. The trip was a pleasure outing and Miss Rusk incidentally intended to look at an automobile in Helena which her father was considering buying. Miss Rusk contributed $5 toward gasoline expense and Miss Skillman drove her automobile, a 1966 Buick which she had purchased some ten days earlier.

Immediately prior to the accident, Miss Skillman was proceeding out of Townsend toward Helena and, according to the trial court's findings of fact, exceeding the posted 55 mile per hour speed limit in that area, but was not going in excess of 65 miles per hour. Miss Skillman contended that as she approached the Missouri River Bridge she was unable to see a vehicle driven by Carlton Sherwood at the opposite end of the bridge until she was almost upon the bridge. The Sherwood vehicle was either stopped or proceeding very slowly, preparatory to making a left hand turn onto a gravel road. This gravel road is known as the Indian Creek Road and connects with U.S. Highway 12 near the west end

of the Missouri River bridge. Miss Skillman testified that upon seeing the Sherwood vehicle and realizing it was stopped she braked her vehicle hard and swerved left to avoid the Sherwood vehicle. She stated she believed her car went crossways between the two traffic lanes and she never saw the vehicle driven by Reed Palmer in the oncoming lane of traffic. She collided with the Palmer vehicle.

Reed Palmer testified that immediately prior to the collision he was approaching the bridge, proceeding east toward Townsend at a speed of about 55 miles per hour. He first observed the Sherwood vehicle slow down as it was proceeding west and the driver gave an arm signal indicating a left hand turn. He stated that as he came near the Sherwood vehicle he observed the Skillman vehicle come over the far end of the bridge, apparently going at a high rate of speed. Palmer testified that he then began to slow down and, upon observing the Skillman vehicle continue to rapidly approach him, he slammed on his brakes and attempted to swerve but collided with the Skillman vehicle. The collision occurred in his lane of traffic. The Sherwood vehicle was not involved in the collision.

A Montana highway patrolman who investigated the accident testified that the length of the skidmarks left by the Skillman vehicle was about 180 feet and the collision occurred on the side of the highway properly occupied by the Palmer vehicle. The patrolman issued a traffic citation to Miss Skillman for operating her vehicle at a speed in excess of the safe speed having due regard for the circumstances then and there existing.

Plaintiff brings several issues for review, most relate to specific findings of fact made by the trial court which she maintains were not supported by substantial evidence before the court. The remaining issues concern whether the court was correct in designating Miss Rusk a "guest passenger" and whether the court was correct in finding Miss Skillman guilty of ordinary rather than gross negligence.

The trial court's designation of Miss Rusk as a "guest passenger" rather than a "passenger for hire" is a correct application of section 32-1113, R.C.M. 1947. Under section 32-1113, if the passenger is "riding in said motor vehicle as a guest or by invitation and not for hire" the proof of gross negligence rather than ordinary negligence is required to establish liability.

In an action for personal injuries resulting from an automobile accident where it appears that plaintiff accepted an invitation to accompany defendant on a trip, the burden is on the plaintiff to show any change in relationship by virtue of subsequent agreement. Copp v. Van Hise, 119 F.2d 691.

No testimony was introduced by Miss Rusk to indicate her $5 contribution was anything more than an incidental, friendly gratuity rather than legal consideration for services to be rendered.

As to the remaining issues for review, we find merit in plaintiff's contention that the trial court went outside the evidence properly before it to make findings of fact concerning the inherently hazardous condition of the highway as maintained by the state.

Conversely, we find from examination of the trial record, there was sufficient evidence, considered as a whole, before the court to establish that Miss Skillman's operation of her vehicle immediately prior to the accident constituted "gross negligence" and that such gross negligence was the proximate cause of the injuries sustained by Miss Rusk in the accident.

We agree, as a general proposition, highway intersections with gravel roads and bridge abutments along highways are settings where accidents occur more frequently than other highway areas. However, it does appear from the trial record, particularly the testimony of the highway patrolman, that had Miss Skillman (1) been observing the posted speed limit in the area of the accident, (2) maintained a proper lookout in order to observe the Sherwood vehicle when it first came into her line of vision, (3) applied

- 4 -

her brakes at the point where she testified she first saw the Sherwood vehicle (which appears to be some considerable distance ahead of the point her skid marks began to appear on the highway), and (4) guided her vehicle to the right hand shoulder of the highway rather than veering to the left and into the oncoming lane, she could have avoided the accident in Palmer's lane of traffic.

Legal writers repudiate the entire premise that the concept of "negligence" can and should be delineated into degrees. Prosser, Law of Torts, 4th Ed., Ch. 5, §34, p. 182, states:

> "Nevertheless, the idea of degrees of negligence, or at least some kind of aggravated negligence which will result in liability where ordinary negligence will not, has been adopted in a number of statutes, which have forced the courts,however reluctantly, to attempt to do again what they declared that they could not do, and to make such efforts as are possible to supply a definition for the undefinable. Some of these statutes have attempted to codify the entire doctrine, or apply it to particular situations such as bailments, criminal negligence, or contributory negligence cases. Most of them, however, are automobile guest statutes."

Montana's automobile guest statute places the task upon the courts to define the undefinable in differentiating between "ordinary" and "gross" negligence. The concept of gross negligence, as it has developed by precedent and application, shows a dichotomy between civil tort law and criminal law. Such definitional terms as "malignant mind" and "willful and wanton disregard of consequences" are applied only to the criminal concept.

Holland v. Konda, 142 Mont. 536, 543, 385 P.2d 272, provides an example of automobile tort gross negligence:

> "As the plaintiff was a guest in the car of appellant Konda, the duties owed her by the driver were governed by R.C.M. §§ 32-1113 to 32-1115, inclusive. The substance of these provisions is that the guest assumes, as between himself and the driver, the ordinary negligence of the driver. Thus, in order for the driver to be liable in damages to the guest, his actions must be those which are termed 'grossly negligent.' This court had defined gross negligence as the 'failure to use slight care.' Batchoff v. Craney, 119 Mont. 157, 172 P.2d 308." (Emphasis added).

- 5 -

See also: Heen v. Tiddy, 151 Mont. 265, 442 P.2d 434.

Nangle v. Northern Pacific Ry. Co., 96 Mont. 512, 522, 32 P.2d 11, states:

> "'Gross negligence' and 'reckless operation' are variously defined by different courts. Most, if not all, of them are of little assistance in the classification of various states of facts within or without such definitions. Under the construction of this statute herein announced, whether 'gross negligence' and 'reckless operation' are synonymous or said to be different in meaning one from the other is immaterial, for if the conduct of the driver of the automobile was in fact something more than ordinary negligence, it matters not, under the Act in question, [Montana Automobile Guest Statute] by what name it is called, or by what adjective it may be described; the defendant is nevertheless liable." (Emphasis added).

See also: Carter v. Miller, 140 Mont. 426, 372 P.2d 421.

Applying "failure to use slight care" and "something more than ordinary negligence" to the facts of the instant case, we must determine that the acts and omissions of defendant Skillman, considered in their entirety, constitute gross negligence and impart liability to her.

The judgment is reversed and the cause remanded to the district court for trial on the issue of damages.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.

- 6 -

IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 12396

KAREN RUSK,

        Plaintiff and Appellant,

vs.

ELOISE P. SKILLMAN,

        Defendant and Respondent



FILED

OCT 15 1973

*Thomas J. Kearney*

CLERK OF SUPREME COURT
STATE OF MONTANA

ORDER AMENDING OPINION AND
DENYING PETITION FOR REHEARING

PER CURIAM:

Respondent's petition for rehearing in the above entitled matter is hereby denied.

It appearing that summary judgment was entered by the trial court prior to presentation of defendant Skillman's defense herein,

IT IS ORDERED that the Opinion dated July 24, 1973, be amended by striking the final sentence of the Opinion and substituting the following therefor:

"The summary judgment against defendant Skillman is vacated and the cause against that defendant is remanded to the district court for a new trial on all issues."

DATED this 15th day of October, 1973.